## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **DONNA WEBB,** ) | |
| ) | |
| **Plaintiff,** ) | **Civil No.** _____ |
| ) | |
| **v.** ) | |
| ) | |
| **CALAIS REGIONAL HOSPITAL,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant Calais Regional Hospital ("<u>CRH</u>" or "<u>Defendant</u>" or "<u>Debtor</u>") hereby notices the removal of the following-described action from the Washington County Superior Court (the "<u>State Court</u>") to the United States District Court for the District of Maine (the "<u>District Court</u>"), as authorized by 28 U.S.C. §§1334 and 1452. Defendant respectfully submits the following grounds for removal:

**I.      Nature Of The Action**

1.      On September 17, 2019, the Defendant filed a case in the United States Bankruptcy Court for the District of Maine under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq. (the "<u>Bankruptcy Code</u>"), creating a case styled *In re Calais Regional Hospital*, Chapter 11 Case No. 19-10486 (the "<u>Bankruptcy Case</u>"). Pursuant to Section 362 of the Bankruptcy Code, the filing of the Bankruptcy Case created an automatic stay of all claims and actions against the Defendant.

2.          January 16, 2020, was the bar date for creditors to file proofs of claim in the Bankruptcy Case.  The Plaintiff did not file a proof of claim.  Nor was her claim listed on the schedules filed by the Debtor in the Bankruptcy Case.

3.          On January 22, 2020, Plaintiff filed her Complaint in the Washington County Superior Court, Washington County, Maine.[1]  The Plaintiff has asserted that she served the Complaint and a summons on the Debtor on April 10, 2020.

4.          6.          The filing and service of the Complaint violated the automatic stay imposed by Section 362 of the Bankruptcy Code and were therefore null and void.  As a result, the proceeding in the state court (the "State Court Proceeding") was stayed.

5.          On December 15, 2020, the Bankruptcy Court entered a *Consented-To Order Granting Limited Relief From the Automatic Stay* [Dkt. 504] that permitted the Plaintiff to pursue her claims in the State Court Proceeding "in order to determine the extent of the Debtor's liability, if any."  The relief from stay was limited "such that there shall be no recovery from the Debtor or the Debtor's estate, except that to the extent there is a determination of liability in Webb's favor, any recovery shall be solely from the insurance proceeds available under Medical Mutual Insurance Company of Maine policies issued to the Debtor (Policy No.  ME GRP 000617, Policy No. ME UMB001234, Policy No. ME HPL 001233) which may provide coverage for the [sic] Webb's claims . . . ."

6.          On February 24, 2021, a *First Amended Chapter 11 Plan* (the "Plan") was filed for the Debtor in the Bankruptcy Case.  [Dkt. 544].  The Plan stated, inter alia, that "except as otherwise expressly provided in this Plan, the documents executed pursuant to this Plan, or the

---

[1] The Complaint arises out of the same facts and circumstances as *Donna Webb v. Calais Regional Hospital*, Case 1:18-cv-00117-LEW.  This Court granted summary judgment in favor of Defendant Calais Regional Hospital on July 9, 2019.

Confirmation Order, on and after the Closing Date[2], all persons and entities who have held or currently hold claims against or interests in the Debtor or the Estate that arose prior to the Closing Date are permanently enjoined from, inter alia, "continuing any proceeding against the Debtor." Plan at 10.4. On March 24, 2021, the Bankruptcy Court entered an *Order* (the "Confirmation Order") confirming the Plan. [Dkt. 607]. The Confirmation Order contains the same injunctive language as the Plan. Confirmation Order at 10.4.

7.      On or about June 18, 2021, Plaintiff filed her Amended Complaint in the State Court Proceeding. The Amended Complaint stated that "Plaintiff recovery shall be limited to insurance proceeds available under Medical Mutual Insurance Company of Maine policies issued to Defendant (Policy No. ME GRP 000617, Policy No. ME UMB001234, Policy No. ME HPL 001233)."

8.      Upon information and belief, the Plaintiff never served her Amended Complaint on the Debtor and the Debtor had no knowledge of it.

9.      On or about July 29, 2021, Plaintiff filed a Second Amended Complaint in the State Court Proceeding. The Second Amended Complaint contains the same language limiting the Plaintiff's request for relief to insurance proceeds under specific Medical Mutual Insurance Company policies as was contained in the Amended Complaint.

10.     On August 12, 2021, the Debtor first learned of the Second Amended Complaint when Mark Stickney, the Debtor's duly appointed Plan Officer received a copy of it. On or about September 7, 2021, the Debtor, through counsel, accepted service of the Second Amended Complaint. This was the first time any complaint in the State Court Proceeding was properly served on the Debtor.

---

[2] The term "Closing Date" means the date on which the Debtor sold its assets to Calais Community Hospital, which occurred on or about July 2, 2021.

II.     **Original Jurisdiction Exists**

11.     A party may remove any claim or cause of action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

12.     Pursuant to 28 U.S.C. § 1334, the district court has jurisdiction to hear all civil proceedings that are "arising in or related to cases under Title 11." 28 U.S.C. § 1334(b).

13.     The Court has original jurisdiction over this action under 28 U.S.C. §§ 1334(b) and 1452 because the claims or causes of action in this action are arising in and/or related to Debtor's bankruptcy proceedings under Chapter 11 of the United States Bankruptcy Code, styled *In re Calais Regional Hospital*, Chapter 11 Case No. 19-10486.

14.     The issues underlying this case are related to the factual and legal issues to be adjudicated in the Title 11 matter because Plaintiff's claims against Defendant are subject to the terms of the Plan, which bars her claims against Defendant and, to the extent Plaintiff cannot pursue a claim against Defendant, Plaintiff could not pursue a claim against an insurer of Defendant as sought in the State Court Proceeding.

15.     Because this matter requires interpretation and application of the Plan issued by this District's Bankruptcy Court, Plaintiff's State Court Proceeding is related to the Chapter 11 proceedings and removal to this Court is appropriate.

III.    **Timeliness and Technical Requirements of Removal**

16.     On August 12, 2021, the Debtor first learned of the Second Amended Complaint when Mark Stickney, the Debtor's duly appointed Plan Officer received a copy of it.  On or about September 7, 2021, the Debtor, through counsel, accepted service of the Second Amended

Complaint. This was the first time any complaint in the State Court Proceeding was properly served on the Debtor.

17.     This removal is timely under Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure because removal is sought within thirty (30) days after CRH's first receipt of the Second Amended Complaint.

18.     Written notice of the filing of this Notice of Removal, including a true and correct copy of this Notice of Removal, will be filed with the Clerk of the Washington County Superior Court for the State of Maine, in accordance with the provisions of Fed. R. Bankr. P.9027.

19.     The United States District Court for the District of Maine is the proper venue because the action being removed was filed in Washington County Superior Court of the State of Maine.

20.     For purposes of Bankruptcy Rule 9027 (a)(1), upon removal of the State Court Proceeding to the District Court, the Defendant consents to the entry of final orders or judgment by the United States Bankruptcy Court for the District of Maine.

21.     A Notice of Filing of this Notice of Removal is being served on Plaintiff on this date.

**WHEREFORE**, Defendant prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Second Amended Complaint be removed from the State Court to the United States District Court for the District of Maine for determination as provided by law, and the United States District Court for the District of Maine enters orders and issue such process as may be proper to bring before it all records and proceedings in the State Court Action, and thereupon proceed with this civil action as if it had been originally commenced in the United States District Court for the District of Maine.

Dated at Portland, Maine, Friday, September 10, 2021

CALAIS REGIONAL HOSPITAL

By its attorney,

/s/ Robert C. Brooks
Robert C. Brooks, Esq., Bar No. 7387
Elizabeth T. Johnston, Esq., Bar No. 5806
VERRILL DANA LLP
One Portland Square
Portland, ME  04112
Ph:  (207) 774-4000
Fx:  (207) 774-7499
rbrooks@verrill-law.com
ejohnston@verrill-law.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 10, 2021, I electronically filed this Notice of Removal by electronic mail addressed to the following:

   newcases.bangor@med.uscourts.gov

with service to:

Guy Loranger, Esq.
Law Office of Guy D. Loranger
1 Granny Smith Court, Suite 3
Old Orchard Beach, ME 04064
guy@lorangerlaw.com


Dated:  September 10, 2021

        /s/ Robert C. Brooks
        Robert C. Brooks, Esq., Bar No. 7387
        VERRILL DANA LLP
        One Portland Square
        Portland, ME  04112
        Ph:  (207) 774-4000
        Fx:  (207) 774-7499
        rbrooks@verrill-law.com
        Attorney for Defendant

15276596_2