UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DONNA WEBB,<br><br>      Plaintiff,<br><br>  v.<br><br>CALAIS REGIONAL HOSPITAL,<br><br>      Defendant. | No. 1:21-cv-00261-LEW |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This matter comes before the court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted. *See* Def.'s Mot. (ECF No. 5). Because the final judgment in Plaintiff's earlier lawsuit against Calais Regional Hospital precludes her from bringing this case, I grant Defendant's motion.

### BACKGROUND

Plaintiff Donna Webb is a former employee of Defendant, Calais Regional Hospital (the "Hospital"), where she worked as a nurse in the Hospital's obstetrics unit. On September 27, 2014, Plaintiff participated in the delivery of a stillborn baby at the hospital. Plaintiff states that she was sick on that day, but that her manager encouraged her to report to work anyway. Plaintiff alleges that she and her colleagues had previously warned the Hospital of staffing shortages among obstetric nurses at the Hospital, but that the Hospital had not taken any recourse to provide more coverage, and that the shortage of obstetric nurses on shift on the day in question had contributed to the stillborn delivery. Plaintiff

1

further alleges that the stillbirth resulted from a high-risk pregnancy that the Hospital should have transferred to a better-resourced hospital.

The Hospital commenced an investigation into the events that caused the stillbirth. In the course of the investigation, the Hospital's legal counsel and risk management team met with Plaintiff, who informed them of several concerns that she had with the Hospital's practices which she believed may have contributed to the stillbirth, as well as other more general concerns she had regarding hospital practices. Shortly thereafter, in October 2014, the Hospital placed Plaintiff on indefinite administrative leave pending the result of its investigation. In December 2014, the Hospital decided to terminate Plaintiff's employment, but did not inform Plaintiff of this decision despite repeated inquiries from Plaintiff and her union representatives into Plaintiff's employment status. In July 2017, the Hospital finally informed Plaintiff that she would be terminated if she did not resign, whereupon Plaintiff elected to resign.

Plaintiff then filed suit in Maine state court, alleging that the Hospital retaliated against her, in violation of the Maine Human Rights Act, for engaging in activity protected under the Maine Whistleblower Protection Act, 6 M.R.S. § 837 ("MWPA"). The Hospital removed the case to this court. *See Webb v. Calais Reg'l Hosp.*, No. 1:18-CV-00117-LEW, 2019 WL 2996900, at *1 (D. Me. July 9, 2019) ("*Webb I*"). I granted summary judgment in the Hospital's favor, finding that the Labor Management Relations Act, 29 U.S.C. § 185(a) ("LMRA"), preempted the MWPA because Plaintiff was a union member whose claim arose out of her employment under a collective bargaining agreement. *See Webb*, 2019 WL 2996900, at *3.

On January 22, 2020, Plaintiff again sued in state court, this time to recover damages for the Hospital's alleged multi-year concealment of its decision to terminate her. Plaintiff alleged that the Hospital's failure to timely inform her of its decision was fraudulent and that the uncertainty over her employment status caused her emotional distress. Plaintiff claimed that she had been unaware of the alleged concealment until the Hospital filed its motion for summary judgment in *Webb I*, which motion disclosed the timeline of the Hospital's decision to fire Plaintiff.

Because the Hospital had recently commenced a bankruptcy proceeding, Plaintiff's action was automatically stayed. On Plaintiff's request, and with the Hospital's consent, the bankruptcy court overseeing the Hospital's bankruptcy granted permission for Plaintiff to pursue her claims against the Hospital notwithstanding the stay. *See* Order Granting Limited Relief from Automatic Stay, *In re Calais Regional Hospital*, No. 19-10486-MAF (Bankr. D. Me. Dec. 15, 2020). Subsequently, the bankruptcy court issued an order which, *inter alia*, purported to enjoin "all persons and entities who have held or currently hold claims against" the Hospital from "commencing or continuing" any action against the Hospital or enforcing any debt against the Hospital. Order Confirming Chapter 11 Plan at 31, *In re Calais Regional Hospital*, No. 19-10486-MAF (Bankr. D. Me. Mar. 24, 2021).

The present case continued to progress in state court, albeit slowly. Plaintiff amended the complaint twice to ensure compliance with the terms of the bankruptcy court's relief from the automatic stay. After Plaintiff filed the second amended complaint, the Hospital removed the case to this court, which has jurisdiction insofar as the present case relates to the Hospital's bankruptcy proceeding. *See* 28 U.S.C. § 1334(b).

The Hospital now moves to dismiss on multiple grounds: first, that my summary judgment order in *Webb I* precludes Plaintiff from bringing the instant case; second, that the Bankruptcy Court's order in the Hospital's bankruptcy proceeding bars Plaintiff from bringing any claims against the Hospital; third, that the LMRA preempts Plaintiffs' claims insofar as they arise out of her employment under a collective bargaining agreement; and finally, that Plaintiff does not allege sufficient facts to state a plausible claim for relief.

## DISCUSSION

Claim preclusion, or *res judicata*, prohibits a party "from relitigating claims that were or could have been raised in [a] prior action" in which the court has issued "a final judgment on the merits." *Haag v. United States*, 589 F.3d 43, 45 (1st Cir. 2009). Thus a litigant seeking to preclude his opponent from relitigating claims must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Id.* (quotation omitted).[1] Here, my summary judgment order in *Webb I* constituted a final judgment on the merits. *See Caballero-Rivera v. Chase Manhattan Bank, N.A.*, 276 F.3d 85, 87 (1st Cir. 2002). And Plaintiff acknowledges that the parties in the present suit are identical to those in *Webb I*. The only question is whether Plaintiff's claims in this case are sufficiently identical to her claims in *Webb I*.

To determine whether this case is sufficiently identical to, and therefore precluded by, *Webb I,* I look to whether the cases grew out of a common occurrence or series of

---

[1] I apply federal common law principles to determine the preclusive effect of a prior federal court judgment. *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 32 (1st Cir. 2017) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).

4

occurrences or "derive from a common nucleus of operative facts." *Haag*, 589 F.3d at 46. Thus while case law often speaks about claim preclusion in terms of identical "causes of action," *id.* at 45, that phrase is something of a red herring. In fact, the doctrine prevents parties from relitigating the same real-world dispute in multiple cases, without regard for the particular legal theories into which the parties have shoehorned that disagreement. In this respect, claim preclusion protects "litigants against gamesmanship and the added litigation costs of claim-splitting" by forcing parties to raise all of their related claims in a single lawsuit. *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Where a party "had every opportunity to fully litigate its various claims . . . and made the strategic choice not to do so," fairness and judicial economy alike demand that new claims related to a prior action be barred at the door. *Id*.

Here, Plaintiff seeks to relitigate the same dispute that lead to her claims in *Webb I*: her termination by the Hospital. The series of occurrences underlying Plaintiff's claim—the 2014 stillbirth, the Hospital's protracted investigation into mistakes leading up to that incident, and the Hospital's ultimate decision to terminate Plaintiff's employment—is identical to that which underlay *Webb I*. Plaintiff now comes before the court with additional facts and new legal theories as to why she may recover under law, but the factual nucleus of her case remains the same. For claim preclusion purposes, the instant case is functionally identical to *Webb I*, and Plaintiff's claims must be dismissed.

Plaintiff argues that because the present case hinges on allegations not raised in *Webb I*—namely, that the Hospital wrongfully concealed from Plaintiff its decision to terminate her employment—claim preclusion does not apply. The determinative question,

though, is not whether Plaintiff *did* previously raise claims relating to the Hospital's alleged concealment of its decision to terminate her, but whether she "could have" done so. *Haag*, 589 F.3d at 46. Plaintiff avers that, until she read the Hospital's brief in support of its motion for summary judgment in *Webb I*, she was unaware of the Hospital's multi-year concealment of its decision to terminate her. But at the point that she became aware of this crucial fact, Plaintiff still had the opportunity to amend her complaint in *Webb I* to include the new allegations that she raises in the present case. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (noting that party may move to amend pleadings after motion for summary judgment has been filed, so long as delay in filing amendment does not stem from lack of diligence). Because Plaintiff could have brought her present claims in *Webb I* by moving to amend her complaint in light of newly discovered information, her attempt to raise them here is, in effect, an attempt to relitigate the underlying matter. *See Adames v. Fagundo*, 198 F. App'x 20, 21 (1st Cir. 2006). And that, she may not do.

## CONCLUSION

Because I agree with Defendant that *Webb I* bars this claim, I need not reach the rest of Defendant's arguments in support of the motion to dismiss. For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 5) is **GRANTED**.

**SO ORDERED.**

Dated this 20th day of January, 2022.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE